# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**I.  Introduction**

  A.  This Settlement Agreement ("**Agreement**" or "**Settlement Agreement**") is hereby entered into by and among Plaintiffs Jessica Guerrero, Jeffrey Matthews and Joseph Castillo ("**Plaintiffs**" or "**Named Plaintiffs**" or "**Class Representatives**") individually and on behalf of the Settlement Class members and Defendant Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors ("**Defendant**" or "**Merritt**"), (collectively, "**the Parties**"), in the matter of *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389 (D. Conn.).

  B.  This Agreement is intended by the Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims (as defined below), subject to the terms of this Agreement, and subject to preliminary and final approval of the Court.

**II.  Terms of Settlement**

  A.  Definitions.

   1.  "**Action**" means the civil action *Guerrero v. Merritt Healthcare Holdings, LLC,* Case No. 3:23-cv-00389 (D. Conn.), in which a Class Action Complaint was filed in the United States District Court for the District of Connecticut on March 29, 2023.  The civil action was consolidated with the subsequently filed cases *Mathews v. Merritt Holdings, LLC,* Case No. 3:23-cv-00476 (D. Conn.)[1] and *Castillo v. Merritt Healthcare Holdings, LLC,* Case No. 3:23-cv-00489 (D. Conn.).

   2.  "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement and Release, including any exhibits.

   3.  "**Class Counsel**" means:

   Kevin Laukaitis
   LAUKAITIS LAW LLC
   954 Avenida Ponce De Leon Suite 205, #10518
   San Juan, PR 00907

   Laura Grace Van Note
   COLE & VAN NOTE
   555 12th Street, Suite 2100
   Oakland, California 94607

---

[1] Plaintiff Matthews was initially referred to in his filed complaint as Jeffrey "Mathews." For the purposes of this Agreement, any reference to Plaintiff "Mathews" is a reference to Plaintiff Jeffrey Matthews.

4.      "**Court**" means the United States District Court for the District of Connecticut.

5.      "**Data Security Incident**" means the unauthorized access to personal, financial, and other information of certain customers and patients, which was discovered by Defendant on November 30, 2022 and occurred between July 30, 2022 and August 25, 2022.

6.      "**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Security Incident, including all claims relating to the Data Security Incident that were brought or could have been brought in the Action belonging to any and all Releasing Parties. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any Person who has timely excluded themselves from the Class.

7.      "**Released Parties**" means Merritt, DEC Merritt, LLC and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, consultants, representatives, members, agents, employees, attorneys, insurers, reinsurers, vendees,, servants, advisors, benefit plans, subrogees, predecessors, successors, managers, administrators, executors, and trustees.

8.      "**Releasing Parties**" means Plaintiffs and other Settlement Class members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, assigns, representatives, trustees, and all others who act on behalf of or have control over Plaintiffs and the Settlement Class members.

9.      "**Settlement Fund Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in

2

respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Merritt with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

B.    <u>Certification of Class Action for Settlement Purposes Only</u>.  The Parties agree, for settlement purposes only, to stipulate to the certification of:

A Settlement Class defined as follows:

> All individuals within or who are residents of the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on November 30, 2022.

Excluded from the Settlement Class are (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Merritt; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

For purposes of settling this Action, the Parties conditionally stipulate and agree that the requirements for establishing class certification with respect to the Settlement Class have been met, and that the class is comprised of approximately 88,740 individuals.  In the event that, for any reason, the Court does not issue a Final Approval Order that approves of this Settlement Agreement, then such stipulated class certification shall become null and void and the Parties shall not be affected in any way by such prior certification.  Merritt thus does not waive, and instead expressly reserves, the right to challenge the propriety of class certification for any purpose in the event that the Court does not issue a Final Approval Order that approves this Settlement Agreement.

C.    <u>No Admission of Liability</u>.  Released Parties do not admit any liability or wrongdoing of any kind associated with the allegations or claims asserted in the Action.  Nothing in this Settlement Agreement or any action that Released Parties take under it shall be deemed or construed as an admission of liability or wrongdoing of any kind on the part Released Parties with respect to any allegations or claims, nor does it constitute an admission that any putative class meets the requirements for class certification.  It is specifically understood and agreed that the benefits provided in this Settlement Agreement are being paid or provided in full and final settlement of all claims and that such payment and the providing of sufficient benefits does not constitute and shall not be construed as any admission

3

or evidence of fault or liability on the part of the Released Parties, and shall not be admissible in any proceeding as evidence of fault, liability, or wrongdoing. .

D.    <u>Effective Date</u>.  The settlement in this Settlement Agreement is conditioned upon the occurrence of each of the following events: (i) counsel for the Parties executing the Settlement Agreement; (ii) the Court granting preliminary approval to the Settlement Agreement as provided herein; (iii) notice being provided to the Settlement Class members, providing them with an opportunity to submit claims or opt out; (iv) the Court entering a Final Approval Order granting final approval of the Settlement Agreement without any material modification or condition; and (v) dismissal of this Action with prejudice.  Assuming each of these events has occurred, the effective date of the Settlement Agreement ("**Effective Date**") shall be the later of either the expiration of the time for filing an appeal of the Final Approval Order, or if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final approval of the Settlement Agreement without any material modification or condition.

E.    <u>Settlement Consideration.</u>

1.    <u>Agreed Monetary Relief</u>.  Within thirty (30) days of the Effective Date of this Agreement, Merritt shall create a fund, by depositing with the Settlement Administrator, US $1,525,000.00 in cash (the "**Settlement Fund**").  The Named Plaintiffs' and Settlement Class members' settlement awards, Class Counsel's attorney's fees, costs and expenses ("**Class Counsel Fees**"), the Named Plaintiffs' Service Payments ("**Service Payments**"), and all costs of Settlement Administration ("**Administrative Costs**") will be paid from the Settlement Fund.

Other than the Settlement Fund, Released Parties will have no financial obligation to the Named Plaintiffs, Settlement Class members, Class Counsel, any other attorney representing Named Plaintiffs, any other attorney representing any Settlement Class member, or the Settlement Administrator with respect to the Released Claims. The Settlement Fund represents the total extent of Released Parties' monetary obligations under this Agreement.

The "**Net Settlement Amount**" shall be that portion of the Settlement Fund that remains after deducting amounts for any (i)  Administrative Costs, (ii) Settlement Fund Taxes and Tax-Related Expenses, (iii) Service Payments approved by the Court, and (vii) Class Counsel Fees approved by the Court; all of which shall be payable from the Settlement Fund.

F.    <u>Class Counsel Fees and the Named Plaintiffs Service Payments.</u>

1.      At least one week prior to the deadline for Settlement Class members to object to the settlement, Class Counsel will submit an application for Class Counsel Fees. Class Counsel will seek, and Defendant agrees not to oppose, an award of 33 1/3 % of the Settlement Fund. Any Class Counsel Fees awarded by the Court at the Court's discretion shall be paid out of the Settlement Fund within thirty (30) days from the Effective Date. The Court's approval of Class Counsel Fees in an amount less than the applied-for amount will not affect the enforceability of this Agreement.

2.      In recognition of their time and effort spent serving as Class Representatives, Class Counsel shall submit an application for approval of Named Plaintiffs Service Payments in the amount of $2,500 per Named Plaintiff. The amounts approved for the Named Plaintiffs Service Payments is solely within the discretion of the Court. The Named Plaintiffs Service Payments shall be paid out of the Settlement Fund within thirty (30) days from the Effective Date. The Court's approval of Named Plaintiffs Service Payments in an amount less than the applied-for amount will not affect the enforceability of this Agreement.

G.    <u>Settlement Administration</u>. After soliciting and reviewing multiple bids, the Parties will engage Digital Settlement, LLC ("Settlement Administrator") to facilitate with administration, to oversee the sending of the Class Notice, and making of the payments required under this Settlement Agreement. The Settlement Administrator estimates Administrative Costs to be $117,452.00. Administrative Costs shall be paid out of the Settlement Fund.

The Settlement Administrator will administer the settlement, including (i) not later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, the Settlement Administrator, on Defendant's behalf, shall serve or cause to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*.; (ii) providing notification of the proposed settlement as per this Agreement to the Settlement Class members; (iii) creating and hosting a website, publicly accessible for at least six months after the Effective Date, dedicated to providing information related to the Action, including access to relevant publicly available court documents, the settlement and this Settlement Agreement, the long-form notice of the settlement, and providing Settlement Class members with the ability to submit claims and supporting documentation for compensatory relief; (iv) maintaining a toll-free telephone number and P.O. Box by which Settlement Class members can seek additional information regarding this Settlement Agreement; (v) processing claims and supporting documentation submissions, and providing approved payments to Settlement Class members; (vi) processing requests for exclusion from Settlement Class members; and (vii) any other provision of this Settlement Agreement that relates to the settlement and claims administration.

H.    <u>Distribution of Net Settlement Amount to Settlement Class Members</u>.

1.    Each Settlement Class member may only submit one claim.

2.    The claimed benefits, as described below, shall include: (a) *Out-of-Pocket Losses*; and (b) *Pro Rata* Cash Payment. The cost of providing these benefits shall be paid from the Settlement Fund after the payment of any Class Counsel Fees, any Service Payments, and the Administrative Costs. Thereafter, the priority for payment of claimed benefits will be as follows: (1) Out-of-Pocket Losses; and (2) *Pro Rata* Cash Payment. If the Settlement Fund is insufficient to cover all Out-of-Pocket Losses, such claims shall be reduced *pro rata* to account for the amount of remaining funds, and no money shall be paid to any claimants for *Pro Rata* Cash Payments. Any remaining money in the Settlement Fund (to the extent any exists) after the payment of Out-of-Pocket Losses shall be disbursed in a *pro rata* amount to all valid claimants, with such *pro rata* payments capped at $500 per valid claimant.

3.    <u>Out-of-Pocket Losses</u>: Every Settlement Class member may submit a claim for up to $5,000 each for out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). Out-of-Pocket Losses may include, without limitation, the following:

(i)    unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, or falsified tax returns;

(ii)    unreimbursed costs incurred on or after March 14, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

(iii)    other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

(iv)    other mitigative costs that were incurred on or after March 14, 2023, through the date of the Settlement Class member's claim submission; and

(v)     unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class member.

Settlement Class members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator information required to evaluate the claim, including: (1) the Settlement Class member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. Out-of-Pocket Losses will be deemed "fairly traceable" if: (1) the timing of the loss occurred on or after March 14, 2022, and (2) in the Settlement Administrator's sole determination, the Out-of-Pocket Losses could reasonably be caused by the Data Incident. Claims for Out-of-Pocket Losses may be reduced *pro rata* if insufficient funds remain in the Settlement Fund after the payment of Class Counsel Fees, Service Payments, Administrative Costs, and the CAFA Notice.

4.  <u>*Pro Rata* Cash Payment</u>: All Settlement Class members may file a claim for a *pro rata* portion of the Settlement Fund. The amount of this benefit shall be based on the number of claims received and the amount of funds remaining in the Settlement Fund following the payment of any Class Counsel Fees, Service Payments, Administrative Costs, and claims for Out-of-Pocket Losses; however, in no event shall the amount of any individual *Pro Rata* Cash Payment exceed $500. As to any portion of the Settlement Fund that remains after all of the above have been paid, the Parties shall meet and confer regarding the appropriate use of such residual funds, including whether any such funds shall be paid to one or more *cy pres* recipient, to be agreed upon by the Parties and approved by the Court, with no one *cy pres* recipient receiving more than $100,000. The Parties agree that no residual funds will revert to Defendant.

5.  <u>Payment</u>: Claims of Settlement Class members that are deemed valid will result in distributions being made to Settlement Class members within ninety (90) days from the Effective Date, or as soon thereafter as is reasonably practical.

a.  Settlement Class members shall have a choice of how to be paid the Distribution (with the same choice applying to both distributions), either via electronic payment (*e.g.*, Venmo), pre-paid credit card, or

check.  Any checks issued from the Settlement Fund shall be valid for ninety (90) days from the date of issuance.

b.  If the Distribution is returned as undeliverable, or unable to be paid, the Settlement Administrator will reattempt distribution if a forwarding address is provided.  If a new address is not provided, or if the distribution is remailed and returned or is unable to be paid, the Settlement Administrator shall cancel the distribution and there will be no further obligation to attempt to make a distribution to that Settlement Class member.

6.  <u>Taxes</u>: Taxes on the Distribution are the responsibility of the Settlement Class members to whom the payments are made.  The Released Parties are not responsible for taxes arising from the payment of the Distribution.  Any Settlement Fund Taxes and Tax-Related Expenses shall be paid out of the Settlement Fund.

<u>Release</u>.  Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims that the Releasing Parties may have or had, such as under California's Customer Records Act, California Civil Code § 1798.80, *et seq*. and/or California's Consumer Privacy Act, California Civil Code § 1798.100, *et seq*.

I.  <u>Notice of Settlement</u>.  The Parties agree to the following procedures for notifying the Settlement Class members.

1.  <u>Identification of Settlement Class Members</u>.  Within ten (10) days of entry of an Order from the Court granting Preliminary Approval of the Settlement, Merritt will provide to the Settlement Administrator a list of approximately 88,740 unique names associated with users who received notice of the Data Security Incident from Merritt.

Any documentation or information disclosed in connection with this paragraph may be used by Class Counsel and the Settlement Administrator only for purposes of implementing this Settlement Agreement.  All such documentation or information may not be disclosed by Class Counsel or the Settlement Administrator to anyone outside their organizations.

2.  <u>Class Notice</u>.  The court-approved Notice of Proposed Class Action Settlement ("**Class Notice**") shall be in substantially the form attached hereto as **<u>Exhibit A</u>**, a long form notice shall be available to Settlement

Class members in substantially the form attached hereto as **Exhibit B**, and a Claim Form shall be in substantially the form attached here to as **Exhibit C**.  Any changes to the Class Notice that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

The Class Notice shall be sent to Settlement Class members via mail in substantially the form attached hereto as **Exhibit A** sent by the Settlement Administrator to all Settlement Class members at the email address used to distribute notice of the Data Security Incident.

The Class Notice shall be sent to Settlement Class members within thirty (30) days of entry of an Order granting Preliminary Approval of the Settlement (the "**Notice Date**").

3.    Claim Forms.  Claim Forms shall be submitted online or by mailing to the Settlement Administrator.  The deadline for submitting a valid Claim Form shall be ninety (90) days from the Notice Date.  Valid Claim Forms must include the claimant's current mailing address, valid email address, and the Settlement Administrator's unique claim ID for the claimant. The Settlement Administrator shall be initially responsible for determining if a claim is valid.

4.    Dispute Resolution. In the event of a dispute over the validity of a claim or the denial of a distribution, Settlement Class members or Released Parties shall be entitled to submit their claim to a designated Claims Referee, who is to be mutually agreed upon by Released Parties and Class Counsel. Released Parties will provide notice to Class Counsel of any claims submitted for dispute resolution.  The Claims Referee's findings will be final and binding. The Claims Referee's fees for the dispute resolution process shall be part of the Administrative Costs. Settlement Class members and Released Parties will each bear their own attorneys' fees and any other costs of the dispute resolution process, if any. Class Counsel will have the option, but not the obligation, to participate in the dispute resolution process.

J.    Objection Procedures.  The Class Notice shall inform Settlement Class members of the right to object to the Settlement Agreement.  If a Settlement Class member wishes to have the Court consider an objection to the Settlement Agreement, such person (i) must not have excluded themselves from the Settlement and (ii) must file with the Court and mail to Class Counsel and Merritt's Counsel a written statement stating the reasons for the objection to the Settlement, along with any supporting documentation that the person wishes the Court to consider, by no later than ninety (90) days after the Notice Date (the "**Objection/Opt-Out Deadline**").  If such

Objection is submitted and overruled by the Court, the objecting member of the Settlement Class shall remain fully bound by the terms of the Settlement Agreement and the Final Approval Order.  The Parties shall submit any responses to Objections no later than seven (7) days prior to the Final Approval Hearing.  Any Settlement Class member who does not appear individually or through counsel and who does not challenge or comment upon the fairness and adequacy of the Settlement Agreement or Class Counsel's request for Class Counsel Fees shall waive and forfeit any and all rights to appear separately or object.  All Settlement Class members shall be bound by the Settlement and by all orders and judgments in this Action.

K.  <u>Opt-Out Procedures</u>.  The Class Notice shall also provide that Settlement Class members who wish to exclude themselves (*i.e.*, opt out) from the Settlement Class must mail a letter to the Settlement Administrator on or before the Objection/Opt-Out Deadline requesting exclusion from the Settlement Class.  An Opt-Out request must: (i) be in writing; (ii) provide the Settlement Class member's current address; (iii) contain the following statement: "I request that I be excluded from the Settlement Class in the case of *Guerrero v. Merritt Healthcare Holdings, LLC.*"; (iv) be signed; and (v) be mailed to the Settlement Administrator at the address provided in the Class Notice with a postmark on or before the deadline set forth in the Class Notice.  Each individual who properly files a timely written Opt-Out request shall be excluded from the Settlement Class and shall have no rights under the Settlement Agreement.  Settlement Class members who fail to submit a valid and timely request for exclusion on or before the Objection/Opt-Out Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the settlement is approved by the Court, regardless of whether they have objected to the settlement.  An Opt-Out request shall be deemed timely if it is postmarked no later than ninety (90) days after the Notice Date.

L.  <u>Settlement Administrator Reports</u>.    After the Notice Date, the Settlement Administrator shall provide a weekly report to Class Counsel and to Merritt's Counsel, setting forth the number of valid Claim Forms that were submitted each week.  Within ten (10) days of the Objection/Opt-Out Deadline, the Settlement Administrator shall provide jointly to Class Counsel and Merritt's Counsel a report listing the timely written Opt-Out requests and copies of same.

Within one hundred (100) days of the Notice Date, the Settlement Administrator shall provide Class Counsel and Merritt's Counsel a report listing preliminary information, which shall be subject to audit, validity, and review of duplicate submissions, regarding: (i) the total number of Claim Forms that were valid and timely submitted; and (ii) the calculated Claimant Award amount for each Settlement Class member that submitted a valid Claim Form.

Within sixty (60) days of the Effective Date, the Settlement Administrator shall issue a Final Report listing the audited, verified and deduplicated information regarding: (i) the total number of Claim Forms that were valid and timely submitted; and (ii) the calculated Claimant Award amount for each Settlement Class member that submitted a valid Claim Form.

M.     <u>Review and Assistance</u>. Class Counsel and Merritt or its counsel will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, distributions issued, calculations of benefits under the settlement, and returned distributions and uncashed distributions in order to assist with the effectuation of the settlement and the Parties' respective desire to reasonably ensure that the settlement benefits are administered in a manner to attempt to reach every Settlement Class member.

N.     <u>Preliminary Approval</u>.  Within thirty (30) days of execution of the Settlement Agreement, Class Counsel shall promptly prepare and file with the Court a Motion for Preliminary Approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement Agreement.  The Motion for Preliminary Approval shall request entry of a preliminary order that: (i) certifies the Settlement Class, (ii) approves the Class Notice and Claim Form as to form and content and directs that such Class Notice and Claim Form be provided to Settlement Class members; (iii) preliminarily approves the Settlement Agreement; and (iv) approves Digital Settlement, LLC as the Settlement Administrator.

O.     <u>Final Approval and Entry of Final Judgment</u>.  On or before one hundred and twenty (120) days after the Notice Date, the Parties will jointly request that the Court grant final approval and enter judgment approving the Settlement Agreement as fair, adequate, reasonable, and binding on all Settlement Class members; ordering that the settlement payments be made to the Settlement Class members; ordering that Class Counsel Fees, the Administrative Costs, and the Named Plaintiffs Service Payments be paid in the amounts approved by the Court; dismissing the Action with prejudice; and barring Settlement Class members from bringing Released Claims.

P.     <u>Termination</u>.

1.     The Settlement Agreement may be terminated and cancelled at the sole and exclusive discretion of Merritt if two percent (2%) or more of Settlement Class members timely and validly exclude themselves from the Settlement Class.

2.     If there is a failure to reach any Effective Date and/or if the Court should for any reason fail to approve this Settlement Agreement in the form agreed to by the Parties, decline to enter the Final Approval Order, or impose any modification or condition to approval of the Settlement Agreement to which

11

the Parties do not consent, and/or if the Final Approval Order is reversed or rendered void, then (a) this Settlement Agreement shall be considered null and void; (b) neither this Settlement Agreement nor any of the related negotiations shall be of any force or effect; (c) Merritt shall have no obligation to provide any cash or other benefit to Settlement Class members or make any cash payment to the Settlement Fund and shall be entitled to the return of all cash deposited with the Settlement Administrator; (d) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court; and (e) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be protected by Federal Rules of Evidence Rule 408 and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action. Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

Q.    <u>Confidentiality</u>.  To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Settlement Agreement.  The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law.  Approval of any proposed public statement of the other side will not be unreasonably withheld.  The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so.  This paragraph shall not be construed to limit or impede the notice requirements contained in this Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or Merritt's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their Counsel may make to the Court to assist in the Court's evaluation of the Settlement Agreement.  Released Parties may also provide information about the Settlement Agreement to its attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations.

R.    <u>Cooperation in Effecting Settlement</u>. The Parties, their successors and assigns, and their attorneys will implement this Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of this Settlement Agreement, cooperate with one another in seeking Court approval of this Settlement Agreement, and use their best efforts to effect the prompt consummation of this Settlement Agreement.

S.    <u>Miscellaneous Provisions</u>.

1.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for both Parties.

2.    The headings of the sections of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

3.    This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or Party's legal counsel, are merged herein.

4.    The Parties and their counsel will cooperate with each other and use their best efforts to implement this Settlement Agreement.  Class Counsel shall, with the assistance and cooperation of Merritt's Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement and dismissal of this Action with prejudice.

5.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and Settlement Class members and their respective heirs, successors, and assigns.

6.    All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Connecticut, without regard to its rules regarding conflict of laws.

7.    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for both Parties.   The Settlement Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

8.    The waiver by one Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

9.    The Parties and their counsel may execute this Settlement Agreement in counterparts and this Settlement Agreement may be executed by electronic signature.  Execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

10.     The Court shall retain jurisdiction to interpret, effectuate, enforce, and implement this Settlement Agreement, and all Parties submit to the jurisdiction of the Court only for purposes of implementing and enforcing the Settlement Agreement.  Except as stated above regarding claim disputes, the Court shall have exclusive jurisdiction to resolve any disputes involving this Settlement Agreement.

11.     Each individual signing this Settlement Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

[The remainder of this page is intentionally left blank]

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____
4/19/2024

_____
53D51C3646D64AE...

**Jessica Guerrero,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Joseph Castillo,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Jeffrey Matthews,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Kevin Laukaitis,** *Class Counsel*

Dated: _____

_____

**Laura Van Note,** *Class Counsel*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____

_____

**Jessica Guerrero,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Joseph Castillo,** *Individually and on Behalf of the Settlement Class*

Dated: _____4/19/2024_____

_____
DocuSigned by:

EC04D73EBFF249F...

**Jeffrey Matthews,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Kevin Laukaitis,** *Class Counsel*

Dated: _____

_____

**Laura Van Note,** *Class Counsel*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____

_____

**Jessica Guerrero,** *Individually and on Behalf of the Settlement Class*

Dated: _April 19, 2024_

/s/ Lisa White, Esq. on behalf of Joseph Castillo

**Joseph Castillo,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Jeffrey Matthews,** *Individually and on Behalf of the Settlement Class*

Dated: _April 19, 2024_

*Kevin Laukaitis*

**Kevin Laukaitis,** *Class Counsel*

Dated: _4/19/2024_

*Laura Van Note*
ID wFxDNZ9dY8zRaLqHoQGWVf4N

**Laura Van Note,** *Class Counsel*

Dated: 4/19/24

By: Matthew J. Searles
      as member of

**Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors**

Dated: 4/19/2024

By:

**Christopher Seusing,** *Counsel for Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors*

16

## EXHIBIT A

You may be eligible for cash payment from
Merritt Healthcare Advisors, but you need to act.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**A court authorized this Notice**.

This is not spam, an advertisement, or a lawyer solicitation.

A settlement has been reached in a class action lawsuit against Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors ("Merritt") that alleges that Merritt was negligent and breached contractual and statutory duties in connection with a data security incident in which cybercriminals gained access to Merritt's network between July 30, 2022 and August 25, 2022. Merritt denies all of the claims and says it did not do anything wrong.

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at _____, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Connecticut, [insert appropriate Court location here], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.
PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**ARE YOU INCLUDED?** Yes, Merritt's records show that you are an individual whose information was accessed and that you were sent a notification of the data security incident between July 30, 2022 and August 25, 2022. Therefore, you are included in this Settlement as a "Settlement Class member."

**WHAT ARE THE SETTLEMENT BENEFITS?** Merritt has agreed to establish a Settlement Fund of $1,525,000.00. Settlement Class members who submit a valid claim will be reimbursed for [DISTRIBUTION PLAN]. All attorneys' fees and costs will also be paid from the Settlement Fund.

**HOW CAN I FILE A CLAIM?** The only way to file a claim is by filling out a Claim Form available if you:

- Visit the settlement website at www.XXXXXXXXX.com or
- Call 1-XXX-XXX-XXXX.

All claims must be filed *before* **Month Day, 2024**.

**WHAT ARE MY OTHER OPTIONS?** If you do nothing, you will remain in the Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Merritt for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2024**. If you stay in the Settlement, you may object to it by **Month Day, 2024**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website below or call the phone number below for a copy of the more detailed notice.

**WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** On **Month Day, 2024**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class

Counsel's request for attorneys' fees, costs, and expenses of [$$$] and a service award of [$2,500] for each Plaintiff. The Motion for attorneys' fees will be posted on the settlement website after it is filed. You or your own lawyer may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |

## EXHIBIT B

### Long Form Notice

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**Guerrero, et al. v. Merritt Healthcare Holdings, LLC, Case No. 3:23-cv-00389 (D. Conn.)**

---

**You may be eligible for cash payment from
Merrit Healthcare Holdings, LLC, d/b/a/ Merritt Healthcare Advisors,
but you need to act.**

---

**A court authorized this Notice**.

This is not spam, an advertisement, or a lawyer solicitation.

This is a court-authorized Notice of a proposed settlement in a class action lawsuit, *Guerrero, et al. v. Merritt Healthcare Holdings, LLC, Case No. 3:23-cv-00389*, currently pending in the District Court for the District of Connecticut. The proposed settlement would resolve a lawsuit that alleges that Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors ("Merritt") was negligent and breached contractual and statutory duties in connection with a data security incident that Merritt discovered on November 30, 2022, and occurred between July 30, 2022 and August 25, 2022. Merritt contests these claims and denies that it did anything wrong. This Notice explains the nature of the class action lawsuit, the terms of the settlement, and your legal rights and obligations.

You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. To read the precise terms and conditions of the settlement, you can access a copy of the Settlement Agreement here [**link to document on website**]. You may also contact the Settlement Administrator at 1-XXX-XXX-XXXX.

| Summary of Your Legal Rights and Options in This Settlement | | Deadline |
|---|---|---|
| **Submit a Claim** | The only way to be eligible to receive a Claimant Award from this Settlement is by submitting a timely and valid Claim Form. The Claim Form must be submitted no later than _____, **2024**. | **_____, 2024** |
| **Opt Out of the Settlement** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | **_____, 2024** |
| **Object to the Settlement** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to | **_____, 2024** |

| **and/or Attend a Hearing** | speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a Claimant Award. | |
|---|---|---|
| **Do Nothing** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

**What Is This Lawsuit About?** In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. All of the people with similar claims are class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

This lawsuit began when Plaintiffs Jessica Guerrero, Jeffrey Matthews and Joseph Castillo filed a consolidated putative class action complaint against Merritt. In the lawsuit, Plaintiffs allege that Merritt was negligent and violated contractual and statutory damages when a third party obtained unauthorized access to personal and private identifying and medical information stored by Merritt. Merritt denies any liability or wrongdoing of any kind associated with the claims in this lawsuit.

This is just a summary of the allegations. The complaint in the lawsuit is posted at www.XXXXXXXXXX.com and contains all of the allegations.

**Why Is There A Settlement?** To resolve this matter without the expense, delay, and uncertainties of litigation, the parties reached a settlement. The proposed settlement would require Merritt to pay money to the Settlement Class, and pay settlement administration costs, attorneys' fees and costs of Class Counsel, and Service Payments to the Class Representatives, as may be approved by the Court. The settlement is not an admission of wrongdoing by Merritt and does not imply that there has been, or would be, any finding that Merritt violated the law.

**Am I a Class Member?** You are a member of the Settlement Class if you are a resident of the United States whose information was accessed in the data security incident and you received notice of the data security incident from Merritt.

**Who Represents Me?** The Court has appointed a team of lawyers as Class Counsel.

| Laura Grace Van Note<br>COLE & VAN NOTE<br>555 12th Street, Suite 2100<br>Oakland, California 94607 | Kevin Laukaitis of<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907 |
|---|---|

Class Counsel will petition to be paid legal fees and to be reimbursed for their reasonable expenses from the Settlement Fund. You do not need to hire your own lawyer, but you may choose to do so at your own expense.

**What Are the Settlement Benefits?** Merritt has agreed to establish a Settlement Fund, by depositing with the Settlement Administrator US $1,525,000.00 in cash.

The Settlement Fund will be used to pay attorneys' fees and costs, Service Payments for the Class Representatives, and Settlement administration costs. After deducting amounts for attorneys' fees and costs, Service Payments for the Class Representatives, and Settlement administration costs, the remaining amount ("**Net Settlement Amount**") will be used to pay timely valid claims.

A Settlement Class member who timely submits a valid and approved Claim Form shall be entitled to a Claimant Award: [DISTRIBUTION PLAN]

After payment of the above awards, if any money remains from the Net Settlement Amount, that money will be distributed first to reimburse Settlement Class members with documented out-of-pocket losses, and subsequently *pro rata* among all Settlement Class members who timely submitted a valid and approved Claim Form up to $500 per capita, or if too little money remains to make such a payment, the money will be donated to an appropriate charity.

Merritt has also agreed to certain enhancements to its data security.

**How Do I Get a Payment?** You must submit a completed Claim Form no later than **[Day/Month, 2024]**. You may submit a Claim Form online at www.XXXXXXXXXX.com.

**How Do I Exclude Myself from the Settlement?** If you want to exclude yourself from the Settlement Class, sometimes referred to as "opting out," you will not be eligible to recover any benefits as a result of this settlement and you will not receive a payment or have any rights under the Settlement Agreement. However, you would keep the right to sue Merritt at your own expense about the legal issues raised in this lawsuit. You may exclude yourself from the settlement by mailing a written notice to the Settlement Administrator, postmarked on or before **[Day/Month, 2023]**. Your exclusion request letter must:

- Be in writing;
- State your current address;
- Contain the statement "I request that I be excluded from the Settlement Class in the case of *Guerrero v. Merritt Healthcare Holdings*;
- Be signed by you; and
- Be mailed to the Settlement Administrator, **[Street Address]**, **[City, State, Zip]**, postmarked on or before **[Day/Month, 2023]**.

**How Do I Object to the Settlement?**
You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

If you are a member of the Settlement Class and you do not exclude yourself from the Settlement, you can object to the Settlement. To do so, you must file your written objection with the Court no later than **[Day/Month, 2024]**, and mail a copy to Class Counsel and Merritt's Counsel at the addresses listed below. Your written objection may include any supporting documentation you wish the Court to consider.

If your objection is submitted and overruled by the Court at the Final Approval hearing, you will remain fully bound by the terms of the Settlement Agreement and the Final Approval Order.

Mailing addresses for Class Counsel and Merritt's Counsel are as follows:

| CLASS COUNSEL: | MERRITT'S COUNSEL: |
|---|---|
| Kevin Laukaitis<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon Suite 205, #10518<br>San Juan, PR 00907<br><br>Laura Grace Van Note<br>COLE & VAN NOTE<br>555 12th Street, Suite 2100<br>Oakland, California 94607<br>(510) 891-9800 | Christopher Seusing<br>Wood Smith Henning Berman<br>685 3rd Avenue Ste 18th Floor<br>New York, NY 10017<br>USA<br>475-755-7040 |

**What Is the Difference Between Objecting and Asking to be Excluded?**

Objecting means telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

**What Am I Agreeing to by Remaining in the Settlement Class?**

Unless you exclude yourself, you will be part of the Settlement Class and you will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any lawsuit against Merritt or the other Released Parties asserting a "Released Claim," as defined below. It also means that the Court's Order approving the settlement and the judgment in this case will apply to you and legally bind you.

"**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of, or relating to, actual or alleged facts, transactions, events, matters, occurrences, acts,

disclosures, statements, representations, omissions or failures to act in connection with the data security incident, and including all claims that were brought or could have been brought in the Action, belonging to any and all Settlement Class members, including but not limited to any state law or common law claims that they may have or had.

"**Released Parties**" means Merritt and its past, present, and future, direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

**When Will the Court Decide Whether to Approve the Settlement?** The Court will hold a Final Approval Hearing on **[Day/Month, 2024] at XX:XX A.M./P.M. at _____**. At that hearing, the Court will determine the overall fairness of the settlement, hear objections, and decide whether to approve the requested attorneys' fees and expenses, Service Payments for the Class Representatives, and settlement administration costs. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXX.com and the Court's docket for updates.

**How Do I Get More Information?** For more information, go to www.XXXXXXXXX.com, or call the Settlement Administrator at 1-XXX-XXX-XXXX. You may also write to the Settlement Administrator via mail to [address] or via email [email address].

## <u>EXHIBIT C</u>

<u>ONLINE CLAIM FORM</u>

*Guerrero, et al. v. Merritt Healthcare Holdings, LLC,* Case No. 3:23-cv-00389 (D. Conn.)

<u>**Important**</u>: Your Claim Form must be submitted online by **[Month, Day] 2024** in order to be timely and valid. You may submit a Claim Form by completing the form below.

Your failure to submit a timely Claim Form will result in you forfeiting any payment and benefits for which you may be eligible under the Settlement.

**To begin your Claim Form, please enter your Claimant ID below.** Your Claimant ID is located in the top right corner of the Notice that was emailed to you. If you did not receive a Notice but believe you are a Class Member, or have misplaced your notice, you may call 1-###-###-#### to get information regarding your claim.

Claimant ID: _____

(*required, must be a valid number*)

OR

Email address:_____ AND Name: _____

(*required if claimant ID unavailable*)

[NEXT button]

<u>**Claim Form Page**</u>:

This claim form should be filled out online if you are an individual who received notice of a Data Security Incident that Merrit Healthcare Holdings, LLC, d/b/a/ Merritt Healthcare Advisors discovered by Merritt on November 30, 2022.  You may get money if you fill out this claim form, if the Settlement is approved, and if you are found to be eligible for a payment.

The <u>Settlement Notice</u> [**link to document on website**] describes your legal rights and options.

If you wish to submit a claim for a Settlement payment, you need to provide the information requested below.

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE REQUIRED INFORMATION BELOW AND YOU MUST ELECTRONICALLY SIGN THIS CLAIM FORM.

First Name_____(*required*) Middle Name_____(*not required*) Last Name_____(*required*)

Mailing Address_____(*required*) City_____(*required*) State_____(*required*) Zip Code_____(*required*) Country_____(*required, default to United States*)

Telephone Number_____(*required, must be minimum of 10 digits*)

Email Address_____(*required, must be valid email address format*)

[DISTRIBUTION PLAN]

Signature_____(*required*)

Date: (*auto-populate*)