# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA GUERRERO, JEFFREY MATTHEWS and JOSEPH CASTILLO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>MERRITT HEALTHCARE HOLDINGS, LLC d/b/a MERRITT HEALTHCARE ADVISORS,<br><br>            Defendant. | Case No.: 3:23-cv-00389-MPS<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN** |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached to Plaintiffs' Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on November 30, 2022.
>
> Excluded from the Settlement Class are (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Merritt; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

---

[1] All capitalized terms herein have the same meaning as set forth in the Settlement Agreement unless otherwise specified.

Defendant represents that the Settlement Class comprises approximately 80,000 individuals.

Pursuant to 231 Pa. Code 1700 *et. seq.* the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court finds also that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of the Pennsylvania Code.

Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims and defenses of the Settlement Class Representatives are typical of the claims and defenses of the Settlement Class; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class under the criteria set forth in 231 Pa. Code Sec. 1709; (e) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in 231 Pa. Code Sec. 1708.

2.      **<u>Settlement Class Representatives and Settlement Class Counsel</u>**. The Court finds that Plaintiffs Jessica Guerrero, Jeffrey Mathews, and Joseph Castillo should be appointed as Settlement Class Representatives. Additionally, the Court finds that Kevin Laukaitis of Laukaitis Law LLC and Laura Van Note of Cole & Van Note should be appointed as Co-Lead Class Counsel and Erin Green Comite of Scott+Scott as Liaison Counsel.

3.      **<u>Preliminary Settlement Approval.</u>** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class

through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required.

4. **Jurisdiction.** The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiff, Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement Agreement.

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ _____, 202___, at _____ (place) [via telephone or videoconference or in-person] at _____ (time), to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes; (b) the Settlement should be approved as fair, reasonable and adequate, and be finally approved; (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved; and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Digital Settlement, LLC as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid by Defendant pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement are hereby approved. Non-material

modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law; and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written opt-out Exclusion Request to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Exclusion Requests must meet the Opt-Out Deadline established by this Order and stated in the Notice.

An opt-out Exclusion Request must state that the Settlement Class Member wants to be excluded from the Settlement in *Guerrero, et al. v. Merritt Healthcare Holdings, LLC,* and must include the Class Member's name, address, telephone number, and unique identifier of the Class

4

Member seeking exclusion, identify any lawyer representing the Class Member seeking to opt out, be physically signed by the person seeking exclusion and must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Guerrero, et al. v. Merritt Healthcare Holdings, LLC.*" An Opt-Out Exclusion Request that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if the Final Judgment and Order of Dismissal is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

If the Final Judgment and Order of Dismissal is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Exclusion Request from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement Class Members who submit valid and timely Opt-Out Exclusion Requests shall not be entitled to receive any benefits from the Settlement.

11. **Objections and Appearances**. Any Settlement Class Member may object to the Settlement, Settlement Class Counsel's request for Attorneys' Fees, Costs, and Expenses, or the request for the Service Award payment to the Settlement Class Representatives; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider by the Notice Date in this order and on the Notice. For the objection to be considered by the Court, the objection must be in writing and must clearly: (a) identify the case name and number; (b) state the Class Member's

full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Breach); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the Objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (i) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be submitted to the Settlement Administrator and Class Counsel at the addresses identified on the Long Notice, and to the Court either by mailing them to: Clerk, Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street - Annex 135, Hartford, Connecticut 06103, or by filing them in person at the Courthouse.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

12. **Claims Process**.

Settlement Class Counsel and Counsel for Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Order shall be of no force or effect if the Final Judgment and Order of Dismissal are not entered or there is no Effective Date and shall not be construed or used

as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

16. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Proposed Date/Deadline |
|---|---|
| **Notice Date -- Deadline for dissemination of notice to the Settlement Class members** | 30 calendar days after the Court enters the Preliminary Approval Order |
| **Deadline for filing papers in support of final approval of Settlement and Plaintiffs' Counsel's application for Attorneys' Fees and Expenses** | 45 calendar days after the Notice Date (75 calendar days after Court enters the Preliminary Approval Order) |
| **Deadline for filing claims, objections and requests for exclusion** | 60 calendar days after the Notice Date |
| **Deadline for Settlement Administrator to file report to the Court** | 14 calendar days before the Fairness Hearing |
| **Deadline for Parties to file any responses to any objections and supplemental pleadings on status of the claims process** | 14 calendar days before the Fairness Hearing |

| | |
|---|---|
| **Fairness Hearing** | At Court's convenience, but at least 118 calendar days from entry of the Preliminary Approval Order |

**DONE AND ORDERED** in on this \_\_\_ day of _____, 2024.


_____
**HONORABLE MICHAEL P. SHEA**

9