UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA GUERRERO and JEFFREY MATTHEWS individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRITT HEALTHCARE HOLDINGS, LLC d/b/a MERRITT HEALTHCARE ADVISORS,<br><br>Defendant. | Case No.: 3:23-cv-00389-MPS |

**PLAINTIFFS' RESPONSE IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF SETTLEMENT CLASS AND IN OPPOSITION TO OBJECTION**

Plaintiffs Jessica Guerrero and Jeffrey Matthews ("Plaintiffs"), by and through their undersigned counsel, respectfully review and reiterate the Settlement terms and reaction of the Class in this Action against Defendant Merritt Healthcare Holdings, LLC d/b/a Merritt Healthcare Advisors ("Merritt" or "Defendant") (collectively with Plaintiffs, the "Parties") and further respond to any objections received therein.

**I.   Summary of the Final Settlement Terms**

As captured in Plaintiffs' Motion for Final Approval of Settlement ("Final Approval," ECF No. 85-1), the Settlement Agreement and Release by the Parties represents a robust resolution to this data breach litigation.

The Settlement Agreement and Release ("Settlement") creates a non-reversionary Settlement Fund of $1,525,000.00. *See* ECF No. 67-3, Settlement, at § II(E)(1). Under the

Settlement, Class Members are able to claim in *two* ways: for 1) Out-of-Pocket Losses and 2) through a *Pro Rata* Cash Payment. *Id.*, § II(H)(2). For out-of-pocket losses, claimants may seek up to $5,000 in unreimbursed losses fairly traceable to the Data Security Incident as that term is defined in § II(A)(5) of the Settlement, including unreimbursed monetary amounts related to identity theft and fraud, unreimbursed costs related to post-Breach credit reports or security acquisition, and other unreimbursed expenses or costs related to the Breach, including unpaid time off work necessarily incurred to respond to the breach at the Settlement Class member's hourly rate. *Id.*, (II)(H)(3)(i-v). Settlement Class Members may also submit a claim for a *pro rata* portion of the Settlement Funds, determined by "the number of claims received and the amount of funds remaining in the Settlement Fund following the payment of any Class Counsel Fees, Service Payments, Administrative Costs, and claims for Out-of-Pocket Losses," with any individual *pro rata* cash payment capped at $500 per claim. *Id.* at II(H)(4).

The Settlement also provides for the payment to Class Counsel of up to 33 1/3 % of the Settlement Fund, as well as $2,500.00 per Named Plaintiff, in addition to administrative costs. *Id.* at §§ II(F)(1-2); II(G). Critically, for the 88,740 unique people making up the affected Class, "*no residual funds will revert to Defendant.*" *Id.* at § II(H)(4) (emphasis added). In the event of any residual funds, the Parties agree that such money goes to one or more *cy pres* recipients to be approved by the Court. *Id.* at § 4.

The results of administering this settlement speaks for itself. The deadline to file a claim was August 12, 2024; at this time, 3,320 valid claims were filed, all of whom will receive *pro rata* cash payments of approximately $267.96. Supplemental Declaration of March Schey, ECF No. 89 ("Schey Decl.") at ¶ 21. In the wider world of data breach settlements, this exceeds other approved resolutions of similar class sizes. *See, e.g. Jackson, et al. v. Suffolk University,* No. 1:23-cv-10019

2

(D. Mass. June 18, 2024) (final approval of data breach settlement for approximately 53,000 class members including $40 per-claim alternative payment option); *Pfeiffer, et al. v. Rad-Net, Inc.*, Case No. 2:20-cv-09553-RGK-SK, 2022 WL 2189533 (C.D. Cal. Feb. 15, 2022) (final approval of settlement of data breach claims affecting 22,989 class members at $113.10 per member); *Kyle Nelson v. Idaho Central Credit Union*, Case No. CV03-20-00831 (District Court for the Sixth Judicial District of the State of Idaho, Bannock County) (final approval of data breach settlement for 17,831 class members for $86.93 per class member); *Henderson v. Kalispell Regional Healthcare*, No. CDV-19-0761 (Montana State Ct.) (final approval of data breach settlement for approximately 130,000 class members at $32.30 per class member).

## II.     The Positive Reaction of the Class Further Supports Granting of Final Approval

Following implementation of the Notice Plan, this Settlement has proved to be a resounding success among its affected Class. Based on the spreadsheet of affected names sent to it by Merritt, the Claims Administrator sent the Court-approved Notice out to 86,997 unique Settlement Class Members. Schey Decl. at ¶ 7. Of these, only 194 were returned as undeliverable with no forwarding address, meaning 86,803 Class Members were mailed or e-mailed a Notice that was not returned, for a total reach of 98% of Class Members. *Id.* at ¶¶ 7, 9.

In total, the Claims Administrator received 3,320 claims, for a claims rate of 3.7% overall. *Id.,* at  ¶ 20. This claims rate is favorable not only in the data breach context but also exceeds achieved claims rates in other settlements finally approved across the country. *See, e.g.*, *Carter v. Vivendi Ticketing US LLC,* No. SA-CV2201981CJCDFMX, 2023 WL 8153712, at *9 (C.D. Cal. Oct. 30, 2023) (finding claims rate of 1.6% "in line with claims rates in other data breach class action settlements that courts have approved"); *Desue v. 20/20 Eye Care Network, Inc.*, No. 21-CIV-61275-RAR, 2023 WL 4420348, at *9 (S.D. Fla. July 8, 2023) (granting final approval to a

data breach settlement with a claims rate of 0.66%); *In re Forefront Data Breach Litig.*, No. 21-CV-887, 2023 WL 6215366, at *4 (E.D. Wis. Mar. 22, 2023) ("A claims rate of 1.46% is generally in line with the rate experienced in other data breach class actions."); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 599 (N.D. Cal. 2020 (Here, the 0.83" claims rate… is on par with other consumer cases, and does not otherwise weigh against approval).

Moreover, only seven individuals have excluded themselves from the Settlement, and only one individual has objected to the Settlement in a timely manner. Schey Decl. at ¶¶ 16, 18. The lack of meaningful opposition to the Settlement demonstrates its reasonableness and adequacy and weighs in favor of final approval. *See City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 493 (2d Cir. 1974) (factor two of the Second Circuit precedent case *Grinnell*; at the final approval stage, Courts consider the Settlement Class' reaction to the Settlement).

### III. The Lone Objection is Conclusory, Non-Substantive, and Insufficient to Overturn a Court's Finding of Reasonableness, Fairness, and Adequacy

The claims administrator has identified only one purported objector, John Orr. Mr. Orr's objection was not filed with the Court, pursuant to §II(J) of the Settlement Agreement; it was only sent to Judge Shea's chambers, but it does not appear filed on the docket. *See* §II(J) ("If a Settlement Class member wishes to have the Court consider an objection to the Settlement Agreement, such person… (ii) must file with the Court… a written statement stating the reasons for the objection to the Settlement, along with any supporting documentation that the person wishes the Court to consider[.]") On those grounds, the objection is procedurally deficient and is only a quasi-objection at best.

Even if the Court finds that this objection is procedurally appropriate, it should still be overruled as meritless. Mr. Orr's objection is only two sentences: "I object to the settlement. A failure to protect health care information is worth more than $1,525,000.00." *See* Objection of Mr.

4

Orr, attached to the Schey Decl. as Exhibit C. Mr. Orr provides no case law, extrinsic evidence, or other rationale or research supporting his claim that a "failure to protect health care information is worth more than $1,525,000.00." Nor does Mr. Orr provide any supporting documents, as he was permitted to do under the Settlement Agreement. *See* Settlement, § II(J). Objections without substance "are insufficient to weight against a dinging that [a] proposed settlement is fair and reasonable, and can be overruled without engaging in a substantive analysis." *In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation*, 909 F. Supp.2d 259, 264 n. 3 (S.D.N.Y. 2012) (Objections made to class action settlement based on "only to the amount of the proposed [settlement] and that fees and expenses are "excessive" are "conclusory and verfet of factual or legal support"); *see also In re Merrill Lynch & Co. Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 158 (S.D.N.Y. 2007) ("Conclusory statements are not sufficient to weigh against approval of the Settlement as fair and reasonable.").

Mr. Orr's subjective, personal sentiments are not reflected of the Class as a whole because only seven people excluded themselves, and the rest of the Class who filed valid claims will receive payouts amounting to almost $268 a person. *See* Schey Decl. at ¶ 23. The Court should overrule this purported objection and allow the Class to receive the available monetary relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court recognize the reasonableness, fairness, and adequacy of the Settlement, overrule the lone objection, and grant final approval of the Settlement Agreement.

Dated: October 1, 2024,                                         Respectfully Submitted,

                                                                */s/ Kevin Laukaitis*
                                                                **LAUKAITIS LAW LLC**
                                                                Kevin Laukaitis

954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Phone: (215) 789-4462
Email: klaukaitis@laukaitislaw.com

Laura Van Note
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
T: (510) 891-9800
F: (510) 891-7030
lvn@colevannote.com

*Co-Lead Counsel for Representative Plaintiffs and the Proposed Class(es)*

Erin Green Comite, Esq. (ct24886)
Anja Rusi, Esq. (ct30686)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
T: (860) 537-5537
F: (860) 537-4432
ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo, Esq. (ct27481)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
T: (212) 223-6444
F: (212) 223-6334
jguglielmo@scott-scott.com

*Liaison Counsel for Representative Plaintiffs and the Proposed Class(es)*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

*/s/ Kevin Laukaitis*
Kevin Laukaitis