**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JESSICA GUERRERO and JEFFREY MATHEWS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MERRITT HEALTHCARE HOLDINGS, LLC, d/b/a MERRITT HEALTHCARE ADVISORS,<br><br>　　　　　Defendant. | Case No. 3:23-cv-00389<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the United States District Court for the District of Connecticut on October 15, 2024. Having carefully considered the briefs, argument of counsel and all matters presented to the Court and good cause appearing, the Court hereby GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement.

**FINDINGS**

Based on the oral and written argument and evidence presented in connection with the Motion, the Court makes the following findings:

1. All terms used herein shall have the same meaning as defined in the proposed Settlement Agreement ("Agreement").

2. This Court has jurisdiction over the subject matter of the above-captioned litigation and over all Parties to this Litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

3. On May 15, 2024, the Court granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to the Plaintiff Class**

4.  In compliance with the Preliminary Approval Order, the Class Notice was mailed to the Settlement Class Members on or about June 11, 2024. Mailing the Class Notice was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the Litigation and the proposed settlement to the Settlement Class. To the extent Notices were returned as undeliverable, a replacement Class Notice was sent via first class mail to the Settlement Class Members at their last known forwarding addresses provided by the USPS. 179 Notices were undeliverable following attempted service.

5.  According to the Claims Administrator, there are 3,320 members of the Settlement Class who will receive a benefit from a Settlement Claim. The deadline for opting out has passed and seven Settlement Class Members have done so. One Settlement Class Member submitted a timely written objection, which the Court overruled at the Final Approval Hearing, and no one appeared in person to object. There was an adequate interval between mailing of the Notice and the deadline to permit Settlement Class Members to choose what to do and act on their decision.

**Fairness of the Settlement**

6.  Pursuant to FRCP 23(e), the proposed Agreement is approved as fair, adequate and reasonable and is in the best interests of Settlement Class Members.

**Post-Distribution Accounting**

8.  Class Counsel will file a Post-Distribution Accounting within 21 days after the settlement funds are fully distributed pursuant to the Settlement Agreement.

9.  Class Counsel will post the Post-Distribution Accounting to the settlement website providing the following information in an easy-to-read chart:

> The total settlement fund, the total number of Class Members, the total number of Class Members to whom Notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the methods of Notice and the method of payment to Class Members, the number and value of checks not cashed, the administrative

costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and any lodestar multiplier.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Class is certified for the purposes of settlement only. The Settlement Class is hereby defined as:

> All individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021.

2. The Agreement is hereby finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class.

3. The Court addresses Class Counsel's request for Attorneys' Fees and Costs and Class Representative Service Awards separately. Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiffs or members of the Settlement Class.

4. A Final Judgment in this action is hereby entered and this shall constitute a Judgment for purposes of Federal Rules of Civil Procedure Rule 54.

5. This Final Judgment shall bind each Settlement Class Member and shall operate as a full release and discharge of the Released Claims against the Released Parties. This Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class Members from bringing any action asserting Settlement Class Members' Released Claims under the Agreement.

6. The Agreement and Settlement are not an admission by Defendant, nor is this Final Approval Order a finding, of the validity of any claims in this action or of any wrongdoing by Defendant. Neither this Final Approval Order, this Final Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability

whatsoever. The entering into or carrying out of the Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant and shall not be offered in evidence in any action or proceeding against Defendant in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, this Final Judgment, the Agreement or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this case or any other proceeding this Final Approval Order, this Final Judgment, the Agreement or any other papers and records on file in the case as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release or other theory of claim or issue preclusion or similar defense as to the Released Claims.

7. Notice of entry of this Final Approval Order and Final Judgment shall be given to Class Counsel on behalf of Plaintiffs and all Settlement Class Members. It shall not be necessary to send notice of entry of this Final Approval Order and Final Judgment to individual Settlement Class Members, but it shall be posted on the settlement website. The time for any appeal shall run from service of notice of entry of the Final Approval Order and Final Judgment by Class Counsel on Defendant.

8. After entry of this Order and Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement and enforce the Agreement and this Judgment, to hear and resolve any contested challenge to a claim for settlement benefits and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

9. Within 21 days after the settlement funds are fully distributed pursuant to the Settlement Agreement, Class Counsel will file a Post-Distribution Accounting (including the total settlement fund, the total number of Class Members, the total number of class members to whom

Notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the methods of notice and the method of payment to Class Members, the number and value of checks not cashed, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and any lodestar multiplier) and post the information to the settlement website in an easy-to-read chart.

    IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          October 25, 2024